UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MID-CONTINENT CASUALTY COMPANY, a
foreign corporation,

        Plaintiff,               CASE NO:

vs.

ILONA CONDOMINIUM ASSOCIATION, INC.
and VERA BUILDERS ENTERPRISES, INC.,

        Defendants.
_____

## COMPLAINT FOR DECLARATORY RELIEF

Mid-Continent Casualty Company ("Mid-Continent") sues Ilona Condominium Association, Inc. ("Ilona"), and Vera Builders Enterprises, Inc. ("Vera") for declaratory relief as follows:

    1.      The Plaintiff, Mid-Continent, is an Ohio Corporation with its principle place of business Tulsa, Oklahoma.

    2.      The Defendant, Ilona is a Florida Corporation with its principle place of business in Miami Beach, Miami-Dade County, Florida.

    3.      The Defendant, Vera is a Florida Corporation with its principle place of business in, Hialeah, Miami-County, Florida.

    4.      The matter in controversy exceeds $75,000 exclusive of attorney's fees and costs as more fully set forth below. Accordingly this court has jurisdiction pursuant to 28 U.S.C. § 1332.

    5.      Ilona sued Vera and others in the Circuit Court in Miami-Dade County, Florida. A copy of the complaint is attached as Exhibit "A" ("Ilona suit").

*Complaint for Declaratory Relief*
Case No.:

6. Mid-Continent entered into an insurance contracts with Vera, Policy No. 04-GL-000542499 which was in effect from March 31, 2004 to March 31, 2005. A certified copy of the insurance contract is attached as Exhibit B (the "Policy").

7. Vera tendered the Ilona suit to Mid-Continent for a defense under the Policy.

8. Mid-Continent defended Ilona subject to a full and complete reservation of rights.

9. After accepting the benefits of the defense, Vera rejected that defense shortly before trial of the Ilona Suit and, upon information and belief is going to enter or has already entered into a consent judgment with Ilona for an amount greater than $75,000.

10. All conditions precedent to bringing this action have been performed and/or waived.

11. Ilona is a proper party since its rights will be affected by the Court's declaration.

## Count I - No Coverage Breach of the Voluntary Payment Provision

12. Mid-Continent realleges paragraphs 1 through 11 as paragraph 12 of Count I.

13. The Policy contains the following relevant provisions:

> **2. Duties in the Event of "Occurrence", "Offense", "Claim" Or "Suit".**
>
> * * *
>
> d. No insureds will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

14. Vera accepted a defense from Mid-Continent subject to a reservation of rights after Ilona filed suit against them.

15. Thereafter, Vera rejected the defense and informed Mid-Continent that it was going to settle the case without its permission or consent.

2

*Complaint for Declaratory Relief*
Case No.:

16. After rejecting the defense neither Ilona or Vera gave notice to Mid Continent of any settlement discussions leading up to the consent judgment including the amount of the consent judgment.

17. At no time did Mid-Continent consent to the settlement.

18. By entering into the consent judgment and any related settlement discussions, Vera breached the voluntary payment provision of the Policies and therefore there is no coverage under the Policy.

Wherefore, Mid-Continent Casualty Company requests this Court to:

a. Take jurisdiction over this matter and find and declare that Mid-Continent does not owe a duty to indemnify Vera for the consent judgment entered in the Ilona suit; and

b. Enter any other order consistent with the evidence and law as the circumstances merit.

### Count II- No Coverage Lack of Cooperation

20. Mid-Continent realleges paragraphs 1 through 11 as paragraph 20 of Count II.

21. Vera accepted a defense from Mid-Continent subject to a reservation of rights after Ilona filed suit against them.

22. The Policy contains the following relevant provisions:

> **2. Duties in the Event of "Occurrence", "Offense", "Claim" Or "Suit".**
>
> * * *
>
> c. You and any other involved insured must:

*Complaint for Declaratory Relief*
Case No.:

> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"….

23. In violation of their duty to cooperate Vera rejected the defense and then entered into settlement discussions with Ilona which upon information and belief culminated into a consent judgment wherein they agreed that judgment could be entered against Vera and that the judgment could only be collected from Mid-Continent.

24. Mid-Continent was prejudiced as a result of Vera's failure to cooperate.

25. By rejecting the defense and then entering into the consent judgment and any related settlement discussions Vera breached the cooperation provision of the Policy and therefore there is no coverage under the Policy.

Wherefore, Mid-Continent Casualty Company requests this Court to:

a. Take jurisdiction over this matter and find and declare that Mid-Continent does not owe a duty to indemnify Vera for the Consent Judgment in the Ilona suit; and

b. Enter any other order consistent with the evidence and law as the circumstances merit.

**DATED:**  April 27, 2010

*Complaint for Declaratory Relief*
Case No.:

s/Ronald L. Kammer
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063

5