IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:

ILONA CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation,

    Plaintiff,

06-20339 CA08

v.

CHAD OPPENHEIM, individually, ILONA DEVELOPMENT and DESIGN, LLC, a Florida corporation, OPPENHEIM ARCHITECTURE & DESIGN, LLC, a Florida corporation, VERA BUILDERS ENTERPRISES, INC., a Florida corporation, WEATHERGUARD CAULKING and COATING CO., a Florida corporation, VICTOR ROOFING, INC., a Florida corporation, DORTECH, INC., a Florida corporation, COCONUT GROVE GLASS & MIRROR CORP., a Florida corporation, and P & H STRUCTURAL FORMING CORP., a Florida corporation, R.D. SOUZA, Inc., a Florida corporation, C.V. DRYWALL CORPORATION, a Florida corporation, MESA BROTHERS ELECTRICAL, a Florida corporation, and M.E.P. ENGINEERING, CORP., a Florida corporation,

    Defendants.



_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, ILONA CONDOMINIUM ASSOCIATION, INC. ("ASSOCIATION"), by and through undersigned counsel, pursuant to the Florida Rules of Civil Procedure herein sues DEFENDANTS, CHAD OPPENHEIM, individually ("OPPENHEIM"), ILONA DEVELOPMENT and DESIGN, LLC ("IDD"), OPPENHEIM ARCHITECTURE & DESIGN, LLC ("OPPENHEIM A&D"), VERA BUILDERS ENTERPRISES, INC. ("VERA BUILDERS"), WEATHERGUARD CAULKING and COATING CO. ("WEATHERGUARD"), VICTOR ROOFING, INC. ("VICTOR ROOFING"), DORTECH, INC. ("DORTECH"), COCONUT GROVE GLASS & MIRROR CORP.("CGG"), P & H STRUCTURURAL CORP. ("P&H"), R.D. SOUZA ("SOUZA"), C.V. DRYWALL

EXHIBIT

A

CORPORATION ("C.V."), MESA BROTHERS ELECTRICAL ("MESA"), and M.E.P.
ENGINEERING, CORP. ("MEP") and (collectively "DEFENDANTS"), and in support
states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000.00, exclusive of
interest, costs and attorney's fees.  This Court has jurisdiction over the subject matter of
this action pursuant to Section 26.012, Florida Statutes (2004).

2.      The ASSOCIATION is a not-for-profit Florida corporation, located in
Miami-Dade County, Florida, and is a condominium association organized pursuant to
the provisions of Chapter 718, Florida Statutes, (hereinafter referred to as "the
Condominium Act").

3.      OPPENHEIM is an individual located in Miami-Dade County and is a
Manager of IDD and OPPENHEIM A&D.

4.      IDD is a corporation with its principal place of business in Miami-Dade
County, Florida and is duly licensed to conduct business in the State of Florida.

5.      OPPENHEIM A&D is a corporation with its principal place of business in
Miami-Dade County, Florida and is duly licensed to conduct business in the State of
Florida.

6.      VERA BUILDERS is a corporation with its principal place of business in
Miami-Dade County, Florida and is duly licensed to conduct business in the State of
Florida.

7.      WEATHERGUARD is a corporation with its principal place of business in
Miami-Dade County, Florida and is duly licensed to conduct business in the State of
Florida.

8.     VICTOR ROOFING is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

9.     DORTECH is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

10.    CGG is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

11.    P&H is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

12.    SOUZA is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

13.    C.V. is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

14.    MESA is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

15.    MEP is a corporation with its principal place of business in Miami-Dade County, Florida and is duly licensed to conduct business in the State of Florida.

16.    Venue is proper in Miami-Dade County, Florida pursuant to Section 47.011, Florida Statutes (2004), as the property is located in Miami-Dade County, the causes of action accrued in Miami-Dade County, and the parties are located in Miami-Dade County.

## GENERAL ALLEGATIONS

17.    At all times material OPPENHEIM was a Manager or principal of IDD and OPPENHEIM A&D and was responsible for design and construction oversight of the ILONA.

18.   IDD, as developer, entered into a contract with OPPENHEIM A&D, as the architect, DORTECH, as the civil engineer, and VERA BUILDERS, as the contractor, whereby OPPENHEIM A&D, DORTECH, and VERA BUILDERS were to provide labor, services, and material in the construction of a condominium known as Ilona Condominium ("ILONA") located at 221 Jefferson Avenue, Miami Beach, Florida 33139.

19.   Further, VERA BUILDERS entered into subcontracts with WEATHERGUARD, VICTOR ROOFING, CGG, P&H, SOUZA, MESA, and MEP, whereby WEATHERGUARD, VICTOR ROOFING, CGG, P&H, SOUZA, MESA, and MEP were to provide labor, services, and material in the construction of the ILONA.

20.   In constructing the ILONA, IDD made available a "Declaration of Condominium," to each prospective buyer making certain representations regarding the amenities and the condition of the ILONA, thereby inducing each buyer to enter into a contract/purchase agreement with IDD of each unit within the ILONA.

21.   Accordingly, each contract/purchase agreement incorporated, by reference, the Declaration of Condominium, in addition to the plans and specifications of the common elements and individual units of the ILONA.

22.   Thereafter, on February 19, 2004, IDD turned control of the ILONA over to the ASSOCIATION ("Turnover"). As a condition of Turnover, IDD is obligated to provide the ASSOCIATION with certain documents pursuant to the Condominium Act. The ASSOCIATION is the entity responsible for the management and operation of the property and has fully maintained the property which is the subject matter of this suit.

23.   Subsequent to the ASSOCIATION taking control of the ILONA, and after units were sold and occupied by the ILONA's unit owners ("Unit Owners"), certain

deficiencies were observed, thereby causing the retention of Pistorino & Alam Consulting Engineers, Inc., to conduct a full inspection of the ILONA.

24.     As a result of the inspection, Pistorino & Alam Consulting Engineers, Inc., prepared a report entitled "Ilona Condominium Building" ("Report"), identifying defects proximately caused by improper design and/or construction, including, but not limited to, failure to comply with the requirements of applicable national, state and local building code; failure to comply with the filed and approved construction plans and specifications; failure to comply with the standards of good workmanship; and failure to comply with the express representations of IDD.  A copy of the Report is attached herein as Exhibit "A."

25.     The Association seeks recovery herein for damages proximately caused by the improper design and/or construction of the ILONA, and the improper design and/or construction of the improvements to the ILONA, which resulted in the numerous defects and deficiencies in various systems and components of the ILONA, as identified in the Report, and the failure to comply with representations made in the Declaration of Condominium. The Association also seeks a mandatory injunction against IDD for its failure to comply with the Condominium Act.

26.     The existence or causes of the defects are not readily recognizable by persons who lack special knowledge or training, or are hidden by components or finishes, and are latent. As such, the Unit Owners and the ASSOCIATION, in the exercise of reasonable diligence, did not discover the existence or cause of until after the purchase and occupancy of the ILONA's units, and/or were led to believe by the DEFENDANTS that all said defects and deficiencies would or have been corrected.

27.     The ASSOCIATION brings this action pursuant to Section 718.111 (2), Florida Statutes (2005), and Rule 1.221, Florida Rules of Civil Procedure, in its own right and as the lawful representative of the class of owners of the Condominium.

28.     The causes of action herein concern matters of common interest to the ILONA's Unit Owners, which matters include but are not limited to, the ILONA's common elements; the roof and structural components of the ILONA's buildings and improvements; the mechanical, electrical, and plumbing elements serving the ILONA's buildings and improvements; representations by IDD relating to the condition of the ILONA's buildings and improvements; and other matters commonly affecting and of common interest to the ILONA's Unit Owners.

29.     The ASSOCIATION has fully complied with Chapter 558, Florida Statutes, as a condition precedent in bringing this action, by serving the DEFENDANTS with the ASSOCIATION's "Notice of Claim" and the Report and giving the DEFENDANTS the opportunity to inspect and correct the aforementioned defects. Although DEFENDANTS have attempted to address numerous defects identified in the Report, the defects remain uncorrected.

30.     All conditions precedent to the commencement of this action, have been satisfied, performed, waived or excused.

**COUNT I**
**BREACH OF CONTRACT**
**(IDD)**

31.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

32.     IDD was responsible for the development and construction of the ILONA. In developing and constructing the ILONA, on January 22, 2002, IDD recorded the ILONA's Declaration of Condominium in Official Records Book 20154 at pages 1266 - 1342 of the Public Records of Miami-Dade County, Florida ("Declaration of Condominium"). A copy of the Declaration of Condominium and representative purchase

agreement utilized in the sale of the units located at the Condominium is attached herein as Exhibit "B."

33.     Pursuant to the provisions of the Declaration of Condominium and the plans and specifications prepared by IDD, the terms and conditions of which were incorporated by reference into each contract for the purchase and sale of units within the ILONA ("Contract"), IDD owed a duty to the ASSOCIATION and its Unit Owners to construct and deliver the ILONA in accordance with the Declaration of Condominium, and the plans and specifications utilized in the construction of ILONA.

34.     IDD materially breached the Contract and its duties to the ASSOCIATION, including, but not limited to the following:

> A.     Delivering the ILONA to the ASSOCIATION with defects and deficiencies identified in the Report;
>
> B.     Failing to construct the ILONA in compliance with the Florida Building Code and good construction practices; and
>
> C.     Failing to construct and deliver the ILONA pursuant to the representations made in the Contract.

35.     As a direct and proximate result of the aforesaid breach of the Contract, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

> A.     Costs incurred to repair and replace property located on the common elements of the ILONA; and
>
> B.     Costs that will be incurred to repair and replace property located on the common elements of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc , demands judgment against Defendant Ilona Development and Design, LLC, for its damages, together with interest, attorneys' fees and costs pursuant to Article 18 of the representative purchase agreement, and such other relief as this Court may deem just and equitable.

### COUNT II
### BREACH OF STATUTORILY IMPLIED WARRANTIES
### SECTION 718.203, FLORIDA STATUTES
### (IDD)

36.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

37.     IDD is the developer of the ILONA within the purview of Section 718.203(1), Florida Statutes (2005), in that it built and offered for sale, and did sell to the public, individual units within the ILONA.

38.     Pursuant to Section 718.203 (1), Florida Statutes (2005), IDD granted to the original Unit Owners (i.e., those who purchased their units directly from IDD), as well as all successor Unit Owners, implied warranties of fitness and merchantability for the purposes or uses intended with regard to the Condominium buildings and improvements.

39.     IDD breached these warranties in the design, construction and improvements to the common elements and the individual units within the ILONA, by the following:

> A.     Failing to comply with the requirements of applicable national, state and local building codes and regulations;
>
> B.     Failing to construct same in accordance with the filed and approved construction plans and specifications; and
>
> C.     Building, designing and constructing the ILONA with defects and deficiencies as set forth in the Report.

40.     As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

> A.     Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.    Costs that will be incurred to repair and replace property located on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Ilona Development and Design, LLC, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT III
## BREACH OF STATUTORILY IMPLIED WARRANTIES
## SECTION 718.203, FLORIDA STATUTES
## (VERA BUILDERS)

41.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

42.    VERA BUILDERS is the general contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a contractor within the purview of Section 718.203(2), Florida Statutes.

43.    Pursuant to Section 718.203(2), Florida Statutes (2005), the VERA BUILDERS granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to the construction and improvements of the common elements and the individual units of the ILONA.

44.    VERA BUILDERS breached these warranties in the design, construction, and improvements of the common elements and individual units of the ILONA, by the following:

A.    Failing to comply with the requirements of applicable national, state and local building codes;

B.    Failing to construct same in accordance with the filed and approved construction plans and specifications; and

C.    Building, designing and constructing the ILONA with defects and deficiencies as set forth in the Report.

45.    As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Vera Builders Enterprises, Inc., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT IV
## BREACH OF STATUTORILY IMPLIED WARRANTIES
## SECTION 718.203, FLORIDA STATUTES
## (WEATHERGUARD)

46.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

47.    WEATHERGUARD is the waterproofing contractor utilized in the construction of the common elements and individual units within the ILONA and qualifies as subcontractor within the purview of Section 718.203(2), Florida Statutes.

48.    Pursuant to Section 718.203 (2), Florida Statutes (2005), the WEATHERGUARD granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to the construction and the improvements of the common elements and the individual units of the ILONA.

49.    WEATHERGUARD breached these warranties in the construction and improvements of the common elements and individual units of the ILONA, by the following:

   A.    Failing to comply with the requirements of applicable national, state and local building codes;

   B.    Failing to construct same in accordance with the filed and approved construction plans and specifications; and

   C.    Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

50.    As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

   A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

   B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Weatherguard Caulking & Coating, Corp., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT V
## BREACH OF STATUTORILY IMPLIED WARRANTIES
## SECTION 718.203, FLORIDA STATUTES
## (VICTOR ROOFING)

51.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

52.    VICTOR ROOFING is the roofing contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a subcontractor within the purview of Section 718.203, Florida Statutes.

53.     Pursuant to Section 718.203 (2), Florida Statutes (2005), the VICTOR ROOFING granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to construction and improvement of the common elements and the individual units of the ILONA.

54.     VICTOR ROOFING breached these warranties in the construction, and improvements of the common elements and individual units of the ILONA, by the following:

      A.     Failing to comply with the requirements of applicable national, state and local building codes;

      B.     Failing to construct same in accordance with the filed and approved construction plans and specifications; and

      C.     Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

55.     As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

      A.     Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

      B.     Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

**WHEREFORE**, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Victor Roofing, Inc., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT VI
## BREACH OF STATUTORILY IMPLIED WARRANTIES
## SECTION 718.203, FLORIDA STATUTES
## (P&H)

56.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

57.     P&H is the form contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a subcontractor within the purview of Section 718.203(2), Florida Statutes.

58.     Pursuant to Section 718.203(2), Florida Statutes (2005), P&H granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to construction and improvements of the common elements and the individual units of the ILONA.

59.     P&H breached these warranties in the construction, and improvements of the common elements and individual units of the ILONA, by the following:

A.      Failing to comply with the requirements of applicable national, state and local building codes;

B.      Failing to construct same in accordance with the filed and approved construction plans and specifications; and

C.      Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

60.     As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

A.      Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.      Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

65.   As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Coconut Grove Glass & Mirror Corp., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT VIII
## BREACH OF STATUTORILY IMPLIED WARRANTIES
## SECTION 718.203, FLORIDA STATUTES
## (C.V. DRYWALL)

66.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

67.   C.V. DRYWALL is the drywall contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a subcontractor/supplier within the purview of Section 718.203(2), Florida Statutes.

68.   Pursuant to Section 718.203 (2), Florida Statutes (2005), CGG granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to the construction and improvements of the common elements and the individual units of the ILONA.

69.   C.V. DRYWALL breached these warranties in the construction, and improvements of the common elements and individual units of the ILONA, by the following:

A.   Failing to comply with the requirements of applicable national, state and local building codes;

B.   Failing to construct same in accordance with the filed and approved construction plans and specifications; and

C.   Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

70.   As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant C.V. DRAYWALL CORPRATION, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

**COUNT IX**
**BREACH OF STATUTORILY IMPLIED WARRANTIES**
**SECTION 718.203, FLORIDA STATUTES**
**(R.D. SOUZA)**

71.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

72.   SOUZA is the stucco contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a subcontractor/supplier within the purview of Section 718.203(2), Florida Statutes.

73.   Pursuant to Section 718.203 (2), Florida Statutes (2005), CGG granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to

and Design, Inc., et al.
Page 17

the work performed or materials supplied by them with regard to the construction and improvements of the common elements and the individual units of the ILONA.

74.     SOUZA breached these warranties in the construction, and improvements of the common elements and individual units of the ILONA, by the following:

> A.     Failing to comply with the requirements of applicable national, state and local building codes;
>
> B.     Failing to construct same in accordance with the filed and approved construction plans and specifications; and
>
> C.     Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

75.     As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

> A.     Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and
>
> B.     Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant R.D. Souza, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT X
## BREACH OF STATUTORILY IMPLIED WARRANTIES
## SECTION 718.203, FLORIDA STATUTES
## (MESA)

76.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

77.     MESA is the electrical contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a subcontractor/supplier within the purview of Section 718.203(2), Florida Statutes.

201 ALHAMBRA CIRCLE, SUITE 1102, CORAL GABLES, FLORIDA 33134-5108 • 305-442-3334 • FAX 305-443-3292

78.     Pursuant to Section 718.203 (2), Florida Statutes (2005), MESA granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to the construction and improvements of the common elements and the individual units of the ILONA.

79.     MESA breached these warranties in the construction, and improvements of the common elements and individual units of the ILONA, by the following:

A.      Failing to comply with the requirements of applicable national, state and local building codes;

B.      Failing to construct same in accordance with the filed and approved construction plans and specifications; and

C.      Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

80.     As a direct and proximate result of the aforesaid breaches of warranty, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

A.      Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.      Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Mesa Brothers Electrical, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XI
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (IDD)

81.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

82.     Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

83.     IDD, was thus under a statutory duty to the ASSOCIATION and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

84.     IDD, in inspecting, designing, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, The Florida Building Code, in contravention of the State Minimum Building Codes Act.

85.     IDD, in inspecting, designing, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

86.     Due to IDD's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

87.     As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including, but not limited to, the following:

      A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

      B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Ilona Development and Design, LLC, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XII
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (OPPENHEIM A&D)

88.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

89.     Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

90.     OPPENHEIM A&D was thus under a statutory duty to the Association and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

91.     OPPENHEIM A&D in inspecting, designing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, the Florida Building Code, in contravention of the State Minimum Building Codes Act.

92.     OPPENHEIM A&D in inspecting, designing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

93.     Due to OPPENHEIM A&D's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

94.     As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

A.     Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.     Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Oppenheim Architecture & Design, LLC, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XIII
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (VERA BUILDERS)

95.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

96.     Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

97.     VERA BUILDERS was thus under a statutory duty to the Association and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

98.    VERA BUILDERS in inspecting, designing, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, the Florida Building Code, in contravention of the State Minimum Building Codes Act.

99.    VERA BUILDERS, in inspecting, designing, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

100.    Due to VERA BUILDERS' failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

101.    As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Vera Builders Enterprises, Inc., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XIV
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (WEATHERGUARD)

102.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

103.   Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

104.   WEATHERGUARD was thus under a statutory duty to the Association and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

105.   WEATHERGUARD in inspecting, constructing, and delivering ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, the Florida Building Code, in contravention of the State Minimum Building Codes Act.

106.   WEATHERGUARD in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

107.   Due to WEATHERGUARD's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

108.   As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

**WHEREFORE,** Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Weatherguard Coating & Caulking, Corp., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XV
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (VICTOR ROOFING)

109.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

110.    Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

111.    VICTOR ROOFING was thus under a statutory duty to the Association and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

112.    VICTOR ROOFING in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, the Florida Building Code, in contravention of the State Minimum Building Codes Act.

113.    VICTOR ROOFING in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

Case 1:10-cv-21351-JEM   Document 1-1   Entered on FLSD Docket 04/27/2010   Page 24 of 43

114.    Due to VICTOR ROOFING's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

115.    As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Victor Roofing, Inc., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XVI
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (DORTECH)

116.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

117.    Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

118.    DORTECH was thus under a statutory duty to the ASSOCIATION and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A., ATTORNEYS AT LAW
201 ALHAMBRA CIRCLE, SUITE 1102, CORAL GABLES, FLORIDA 33134 -5108 • 305-442-3334 • FAX 305-443-3292

**WHEREFORE**, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant P & H Structure for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

**COUNT VII**
**BREACH OF STATUTORILY IMPLIED WARRANTIES**
**SECTION 718.203, FLORIDA STATUTES**
**(CGG)**

61.     Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

62.     CGG is the window contractor utilized in the construction of the common elements and the individual units within the ILONA and qualifies as a subcontractor/supplier within the purview of Section 718.203(2), Florida Statutes.

63.     Pursuant to Section 718.203 (2), Florida Statutes (2005), CGG granted to the original Unit Owners (i.e., those who purchased their units directly from the DEVELOPER), as well as all successor Unit Owners, implied warranties of fitness as to the work performed or materials supplied by them with regard to construction and improvements of the common elements and the individual units of the ILONA.

64.     CGG breached these warranties in the construction, and improvements of the common elements and individual units of the ILONA, by the following:

A.     Failing to comply with the requirements of applicable national, state and local building codes;

B.     Failing to construct same in accordance with the filed and approved construction plans and specifications; and

C.     Building and constructing the ILONA with defects and deficiencies as set forth in the Report.

119.   DORTECH, in inspecting, designing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, The Florida Building Code, in contravention of the State Minimum Building Codes Act.

120.   DORTECH, in inspecting, designing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

121.   Due to DORTECH's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

122.   As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including, but not limited to, the following:

> A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and
>
> B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant DORTECH, Inc., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XVII
### VIOLATION OF SECTION 553.84, FLORIDA STATUTES
### (MESA)

123.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

124.   Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

125.   MESA was thus under a statutory duty to the Association and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

126.   MESA in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, the Florida Building Code, in contravention of the State Minimum Building Codes Act.

127.   MESA in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

128.   Due to MESA's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

129.   As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

  A. Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

  B. Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

**WHEREFORE,** Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Mesa Brothers Electrical for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XVIII
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
### (CGG)

130.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

131.    Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

132.    CGG was thus under a statutory duty to the Association and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, to design, and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

133.    CGG in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, the Florida Building Code, in contravention of the State Minimum Building Codes Act.

134.    CGG in inspecting, constructing, and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

135.   Due to CGG's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

136.   As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to the following:

A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Coconut Grove Glass & Mirror, Corp., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XIX
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (P&H)

137.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

138.   Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, et seq., Florida Statutes) against the party or parties committing the violations.

139.   P&H, was thus under a statutory duty to the ASSOCIATION and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

140.    P&H, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, The Florida Building Code, in contravention of the State Minimum Building Codes Act.

141.    P&H, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

142.    Due to P&H's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

143.    As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including, but not limited to, the following:

    A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

    B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

**WHEREFORE**, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant P&H Structure, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XX
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (C.V. DRYWALL)

144.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

145.   Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

146.   C.V. DRYWALL, was thus under a statutory duty to the ASSOCIATION and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

147.   C.V. DRYWALL, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, The Florida Building Code, in contravention of the State Minimum Building Codes Act.

148.   C.V. DRYWALL, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

149.   Due to C.V. DRYWALL's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

150.   As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including, but not limited to, the following:

A.   Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.   Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant C.V. Drywall, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XXI
### VIOLATION OF SECTION 553.84, FLORIDA STATUTES
### (R.D. SOUZA)

151.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

152.   Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

153.   SOUZA, was thus under a statutory duty to the ASSOCIATION and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

154.   SOUZA, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, The Florida Building Code, in contravention of the State Minimum Building Codes Act.

155.   SOUZA, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

156.   Due to SOUZA's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

157.   As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including, but not limited to, the following:

A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant R.D. Souza, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XXII
## VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## (MEP)

158.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

159.   Section 553.84, Florida Statutes (2005), expressly creates a statutory cause of action on behalf of any person damaged as a result of a violation of the State Minimum Building Codes Act (Sections 553.70, *et seq.*, Florida Statutes) against the party or parties committing the violations.

160.   MEP, was thus under a statutory duty to the ASSOCIATION and the individual Unit Owners, pursuant to the State Minimum Building Codes Act, construct and deliver the ILONA in compliance with all applicable local, state, and national building codes and regulations.

161.    MEP, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, including, but not limited to, The Florida Building Code, in contravention of the State Minimum Building Codes Act.

162.    MEP, in inspecting, constructing and delivering the ILONA failed to comply with all applicable local, state and national building codes and regulations, knew or should have known that they were in violation of The Florida Building Code and in contravention of the State Minimum Building Codes Act.

163.    Due to MEP's failure in complying with aforementioned statutes and codes, the ILONA has suffered from construction defects and deficiencies, as outlined in the Report.

164.    As a direct and proximate result of the aforesaid code violations, the ASSOCIATION has suffered damages and will continue to suffer damages, including, but not limited to, the following:

   A.    Costs incurred to repair and replace property located on the common elements and the individual units of the ILONA; and

   B.    Costs that will be incurred to repair and replace property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant MEP Engineering Corp., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XXIII
## PROFESSIONAL NEGLIGENCE
## (OPPENHEIM A&D)

165.    Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

166. OPPENHEIM A&D was retained as the architect of record for the administration, supervision, and approval of the work performed and the materials supplied by the contractor, the subcontractors, and the materialmen in the construction of the ILONA.

167. OPPENHEIM A&D knew and intended that the foreseeable unit purchasers and the members of the ASSOCIATION would rely upon the administration, supervision and approval of work performed and the materials supplied in the construction of the ILONA.

168. OPPENHEIM A&D, as a professional licensed entity, owed a duty of care to foreseeable unit purchasers and members of the ASSOCIATION to supervise, administer and approve the work performed and the materials supplied in the construction of the ILONA to perform and provide professional architectural services in accordance with the standards and practice of its industry and to exercise a reasonable degree of skill and care to insure that the construction of the ILONA complied with governmentally approved plans and specifications, the Florida Building Code, the State Minimum Building Codes Act, and in accordance with the professional standards of an architect responsible for the construction of a condominium.

169. OPPENHEIM A&D, failed to exercise a reasonable degree of skill and care in providing professional architectural services and failed to perform its services in accordance with the standard of care used by similar professionals in the community under similar circumstances, including, but not limited to the following:

      A.     Failing to exercise a reasonable degree of skill and care in administering, supervising, and approving the work performed and the materials supplied in the construction of ILONA, as demonstrated by the deficiencies identified in the Report;

> B.   Failing to exercise a reasonable degree of skill and care in assuring that the work performed and the materials supplied were in accordance with the plans and, specifications the contracts and the Florida Building Code as demonstrated by the deficiencies identified in the Report.

170.   As a direct and proximate result of the aforesaid professional negligence, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

> A.   Costs that have been incurred to repair and replace damaged property on the common elements and the individual units of the ILONA; and

> B.   Costs that will be incurred to repair and replace damaged property on the common elements and the individual units of the ILONA.

**WHEREFORE**, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Oppenheim Architecture & Design, LLC, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

**COUNT XXIV**
**PROFESSIONAL NEGLIGENCE**
**(DORTECH)**

171.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

172.   DORTECH was retained as the civil engineer of record for the design of the drainage system at ILONA and was paid and undertook to provide engineering services, drawings, plans, and specifications for the construction of the ILONA. DORTECH knew and intended that the foreseeable unit purchasers and the members of the ASSOCIATION would rely upon the engineering services, plans, specifications, and drawings.

173.    DORTECH, as a professional licensed entity, owed a duty of care to foreseeable unit purchasers and members of the ASSOCIATION to properly prepare the drawings, plans, and specifications and perform and provide professional engineering services in accordance with the standards and practice of its industry and to exercise a reasonable degree of skill and care to insure that the construction of the ILONA complied with governmentally approved plans and specifications, the Florida Building Code, the State Minimum Building Codes Act, and in accordance with the professional standards of an architect responsible for the design and construction of a condominium.

174.    DORTECH failed to exercise a reasonable degree of skill and care in providing professional architectural services and failed to perform its services in accordance with the standard of care used by similar professionals in the community under similar circumstances, including, but not limited to the following:

      A.    Failing to exercise a reasonable degree of skill and care in designing the drainage system located at the ILONA; and

      B.    Failing to exercise a reasonable degree of skill and care in designing the ILONA, as demonstrated by the deficiencies identified in the Report.

175.    As a direct and proximate result of the aforesaid professional negligence, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

      A.    Costs that have been incurred to repair and replace damaged property on the common elements and the individual units of the ILONA; and

      B.    Costs that will be incurred to repair and replace damaged property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant DORTECH, Inc., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

## COUNT XXV
## PROFESSIONAL NEGLIGENCE
## (MEP)

176.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

177.   MEP was retained as the civil engineer of record for the design of the drainage system at ILONA and was paid and undertook to provide engineering services, drawings, plans, and specifications for the construction of the ILONA.  MEP knew and intended that IDD would rely upon the engineering services, plans, specifications, and drawings.

178.   MEP as a professional licensed entity, owed a duty of care to foreseeable unit purchasers and members of the ASSOCIATION to properly prepare the drawings, plans, and specifications and perform and provide professional engineering services in accordance with the standards and practice of its industry and to exercise a reasonable degree of skill and care to insure that the construction of the ILONA complied with governmentally approved plans and specifications, the Florida Building Code, the State Minimum Building Codes Act, and in accordance with the professional standards of an architect responsible for the design and construction of a condominium.

179.   MEP failed to exercise a reasonable degree of skill and care in providing professional architectural services and failed to perform its services in accordance with the standard of care used by similar professionals in the community under similar circumstances, including, but not limited to the following:

   A.   Failing to exercise a reasonable degree of skill and care in designing the drainage system located at the ILONA; and

   B.   Failing to exercise a reasonable degree of skill and care in designing the ILONA, as demonstrated by the deficiencies identified in the Report.

180. As a direct and proximate result of the aforesaid professional negligence, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

    A.   Costs that have been incurred to repair and replace damaged property on the common elements and the individual units of the ILONA; and

    B.   Costs that will be incurred to repair and replace damaged property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant M.E.P. Engineering, Corp., for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

### COUNT XXVI
### PROFESSIONAL NEGLIGENCE
### (OPPENHEIM, INDIVIDUALLY)

181. Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

182. OPPENHEIM, individually, was responsible for the design and construction oversight of the ILONA.

183. OPPENHEIM, individually, owed a duty of care to foreseeable unit purchasers and members of the ASSOCIATION to design and deliver a building that complied with all relevant building codes, was free from defects, both latent and patent, and comported with the representations made to prospective purchasers. In addition, OPPENHEIM, individually, owed a duty of care to foreseeable unit purchasers and members of the ASSOCIATION to insure that the construction of the ILONA complied with governmentally approved plans and specifications, the Florida Building Code, and the State Minimum Building Codes Act.

184.   OPPENHEIM, individually, failed to exercise a reasonable degree of skill and care in his role as architect and manager of construction oversight, failed to perform his duties in accordance with the standard of care used by similar professionals in the community under similar circumstances, including but not limited to the following:

A.   Failing to design and deliver a condominium to unit owners that complied with governmentally approved plans and specifications, the Florida Building Code, and the State Minimum Building Codes Act.

B.   Failing to design and deliver a condominium to unit owners that was free from defects, both latent and patent, and comported with the representations made to prospective purchasers.

C.   Failing to allocate sufficient funds to cure the numerous defects created by the substandard workmanship of the above referenced contractors before seeking to obtain a certificate of occupancy, thus leaving the defects for the owners to remedy.

D.   Failing to insure that the ILONA complied with all relevant building codes, was free from defects, both latent and patent, and comported with the representations made to prospective purchasers.

185.   As a direct and proximate result of the aforesaid negligence, the ASSOCIATION has suffered damages and will continue to suffer damages, including but not limited to, the following:

A.   Costs that have been incurred to repair and replace damaged property on the common elements and the individual units of the ILIONA; and

B.   Costs that will be incurred to repair and replace damaged property on the common elements and the individual units of the ILONA.

WHEREFORE, Plaintiff Ilona Condominium Association, Inc., demands judgment against Defendant Chad Oppenheim, for its damages, together with interest, costs, and such other relief as this Court may deem just and equitable.

### COUNT XXVII
### ACTION FOR MANDATORY INJUNCTION FOR
### BREACH OF SECTION 718.301, FLORIDA STATUTES
### (IDD)

186.   Plaintiff realleges paragraphs one (1) through thirty (30), inclusive, as if fully set forth herein.

187.   As a condition of Turnover, IDD had a duty to fully comply with Section 718.301, Florida Statutes (2005), within ninety (90) days of transferring control of the ILONA to the ASSOCIATION, by providing all documents enumerated in the Statute. Section 718.301(4), Florida Statutes (2005), provides, in part, the following:

(4) At the time that unit owners other than the developer elect a majority of the members of the board of administration of an association, the developer shall relinquish control of the association, and the unit owners shall accept control. Simultaneously, or for the purposes of paragraph (c) not more than 90 days thereafter, the developer shall deliver to the association, at the developer's expense, all property of the unit owners and of the association which is held or controlled by the developer, including, but not limited to, the following items, if applicable, as to each condominium operated by the association:

......

(b) Resignations of officers and members of the board of administration who are required to resign because the developer is required to relinquish control of the association.

(c) The financial records, including financial statements of the association, and source documents from the incorporation of the association through the date of turnover. The records shall be audited for the period from the incorporation of the association or from the period covered by the last audit, if an audit has been performed for each fiscal year since incorporation, by an independent certified public accountant. All financial statements shall be prepared in accordance with generally accepted accounting principles and shall be audited in accordance with generally accepted auditing standards, as prescribed by the Florida Board of Accountancy, pursuant to chapter 473. The accountant performing the audit shall

contracts in which the association or the unit owners have an obligation or responsibility, directly or indirectly, to pay some or all of the fee or charge of the person or persons performing the service.

(o) All other contracts to which the association is a party.

188.    Notwithstanding the ASSOCIATION's numerous requests for the outstanding documents, the IDD has failed to produce the documents, thereby failing to comply with Section 718.301, Florida Statutes (2005), including, but not limited to, the following:

A.    Failure to turn over the "Resignations of officers and members of the board of administration who are required to resign because the developer is required to relinquish control of the association," pursuant to Section 718.301(4)(b), Florida Statutes;

B.    Failure to turn over "Financial records and a Financial Audit," pursuant to Section 718.301(4)(c), Florida Statutes;

C.    Failure to turn over "Association funds or control thereof," pursuant to Section 718.301(4)(d), Florida Statutes;

D.    Failure to turn over "All tangible personal property that is property of the association...," pursuant to Section 718.301(4)(e), Florida Statutes;

E.    Failure to turn over "A copy of the plans and specifications utilized in the construction or remodeling of improvements...," pursuant to Section 718.301(4)(f), Florida Statutes;

F.    Failure to turn over "Any other permits applicable to the condominium property which have been issued by governmental bodies...," pursuant to Section 718.301(j), Florida Statutes;

G.    Failure to turn over "All written warranties of the contractor, subcontractors, suppliers, and manufacturers, if any that are still effective," pursuant to Section 718.301(4)(k), Florida Statutes;

H.    Failure to turn over "A roster of unit owners and their addresses and telephone numbers, if known, as shown on the developer's records," pursuant to Section 718.301(4)(l);

I.    Failure to turn over "leases of the common elements and other leases to which the Association," pursuant to Section 718.301(4)(m), Florida Statutes; and

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated this ___2nd___ day of October, 2006.

SIEGFRIED, RIVERA, LERNER
DE LA TORRE, & SOBEL, P.A.
Attorneys for Plaintiff
201 Alhambra Circle, Suite 1102
Coral Gables, FL 33134
Telephone: (305) 442-3334


By: _____
HELIO DE LA TORRE
Florida Bar No. 307130
JASON RODGERS-DA CRUZ
Florida Bar No. 0459976

H:\LIBRARY\CASES\4382\2040653\RO6839.DOC